

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 17, 2008

**By Hand**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street - Room 615
New York, New York 10007

    Re:    United States v. Carlos Pena Ontiveros and Silvestre Rico Beltran
              07 Cr. 804 (RJS)

Dear Judge Sullivan:

        The Government respectfully submits this letter to request that the Court: (1) reconsider certain portions of its April 9, 2008 Memorandum and Order (the "Opinion") relating to the law governing a defendant's right to speedy presentment; (2) reopen the suppression hearing in this case to permit the Government to present additional evidence regarding Ontiveros's oral waiver of speedy presentment; and (3) reconsider the suppression of Ontiveros's statements at the ICE office in light of relevant law that the Government did not previously present to the Court. In certain portions of the Opinion where the Court discusses the right of speedy presentment, the Court states or suggests several times that the law requires that a defendant be presented within six hours of arrest. For example, the Court states: "Our system of justice requires that criminal defendants be afforded certain rights, among them the right to be brought before a judicial officer within six hours of their arrest." (Opinion at 19). As discussed below, the Government respectfully submits that this statement of the law is incorrect. Neither Rule 5 of the Federal Rules of Criminal Procedure, nor Title 18, United States Code, Section 3501, nor any other legal authority requires that a criminal defendant be presented before a judicial officer within six hours of arrest. Accordingly, the Government respectfully requests that the Court reconsider and remove those portions of the Opinion that state or suggest the existence of a six-hour time limit for presentment.

        Moreover, the Government also asks the Court to reconsider that portion of its opinion that concluded that waivers of speedy presentment must be made within six hours of a

defendant's arrest. Assuming that the Court agrees with this conclusion, the Government further asks that the Court reopen the suppression hearing to permit the Government to present the testimony of ICE Special Agent Michael Alfonso on the limited issue of Ontiveros's oral waiver of speedy presentment. The Government expects that the testimony of Special Agent Alfonso will conclusively establish that Ontiveros provided a valid oral waiver of his right to speedy presentment following his arrest. In light of the significance of the waiver to the Court's inquiry under Section 3501, the Government intends to ask that the Court reconsider its finding that the delay in presentment here was not reasonable, and therefore that Ontiveros's confession be suppressed.

Finally, at least five circuit courts (though not the Second Circuit) have held that a valid waiver of Miranda constitutes a valid waiver of the right to speedy presentment. Although the Government did not previously provide this authority to the Court, based upon the Court's finding that Ontiveros provided a valid Miranda waiver at the residence, the Government also requests that the Court reconsider the suppression of Ontiveros's oral and written statements at the ICE office on this basis.

## Background

On November 2, 2007, both defendants filed motions to suppress physical evidence and statements made by each of the defendants on or about July 23, 2007. The Court conducted an evidentiary hearing on the defendants' motions on December 3, 2007, and held oral argument on the motions on February 7, 2008. On April 9, 2008, the Court issued the Opinion, which granted the defendants' motions in part. The Court denied the defendants' motions to suppress evidence recovered from the residence and the truck, and denied Ontiveros's motion to suppress statements made at the residence. The Court granted the defendants' motions to suppress statements made at the ICE office on the evening of July 23, 2007, and granted Beltran's motion to suppress statements made at the residence.

In the Opinion, the Court found that the defendants' statements made at the ICE office on the evening of the July 23, 2007 must be suppressed pursuant to 18 U.S.C. § 3501(c) and Rule 5 because the delay in presenting the defendants before a magistrate judge was unreasonable. (Opinion at 21). The Court began its analysis with an examination of the Government's evidence of the defendants' oral and written waivers of speedy presentment. "First, and most importantly," the Court reasoned, "it is undisputed that Agent Lee did not even raise the issue of speedy presentment with defendants until 2:00 or 3:00 in the afternoon – approximately 10 to 11 hours after their arrest and well beyond the six-hour time period required by § 3501(c)." (Opinion at 15) (underscoring added). Thus, the Court concluded, "it appears that the waivers – whether oral or in writing – were not timely." (Opinion at 15). As noted above, the Court then observed that it is "aware of no authority to suggest that a defendant may make a valid waiver of his right to speedy presentment more than four hours *after* the statutorily-prescribed six-hour time period has expired." (Opinion at 15) (underscoring added).

The Court then proceeded to address whether the evidence established that the defendants' waivers were voluntary, knowing, and intelligent. (Opinion at 15-17). The Court found that the preponderance of the evidence did not establish that the defendants had properly waived their right to speedy presentment either orally or in writing. (Opinion at 16-17). Accordingly, the Court found that the defendants' waivers of speedy presentment were not "timely, voluntary, knowing and intelligent." (Opinion at 17). As a result, without any valid waivers of speedy presentment, the Court's inquiry turned to whether the delay in obtaining the defendants' statements was reasonable under 18 U.S.C. § 3501(c).

The Court began its analysis by noting that the Government's desire to conduct further investigation does not justify a delay in presentment under § 3501(c). (Opinion 17-18). The Court also observed that the delays in the defendants' presentment in this case were not attributable to a shortage of agent manpower. (Opinion at 18). The Court then considered the Government's remaining argument that the agents were acting in good faith in reliance on what they believed to be valid waivers "in failing to present defendants before a magistrate judge within six hours of their arrest." (Opinion at 18). In rejecting the Government's argument, the Court found that the agents' good faith did not render the delay reasonable under § 3501(c) because the basis for the delay was within the agents' control and not the result of delays related to transportation or processing. (Opinion at 18). Thus, the Court concluded:

> Our system of justice requires that criminal defendants be afforded certain rights, among them <u>the right to be brought before a judicial officer within six hours of their arrest</u>. Although <u>the six-hour rule</u> is not rigid, and may be tempered by a district court in its discretion as to the reasonableness of certain delays, there is nothing in the facts of this case to suggest that the delay in presenting defendants was unavoidable or otherwise attributable to anything other than the agents' failure to understand and abide by the requirements of § 3501(c) and Rule 5.

(Opinion at 19) (underscoring added). The Court then concluded that the delay in the defendants' presentment was not reasonable, and that the defendants' oral and written statements from the evening of July 23, 2007 must be suppressed pursuant to 18 U.S.C. § 3501(c) and Rule 5. (Opinion at 21).

## Discussion

The Government respectfully submits that the Court should reconsider the underscored portions of the Opinion, which state or suggest that 18 U.S.C. § 3501(c) and Rule 5 of the Federal Rules of Criminal Procedure require that a criminal defendant be presented before a judicial officer within six hours of arrest. "[T]he proper standard of review to be performed by a District Court when evaluating a motion for reconsideration is 'abuse of discretion.'" <u>Veal</u> v. <u>United States</u>, 332 F. Supp. 2d 582, 583 (S.D.N.Y. 2004) (citing <u>Devlin</u> v. <u>Transp.</u>

Communications Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999); Transaero, Inc. v. LaFuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998)). To prevail on a motion for reconsideration, a party must show that the court overlooked controlling decisions or factual matters. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam).

In connection with a request by the Government to reopen a suppression hearing, the Second Circuit has repeatedly emphasized that this type of request is committed to the sound discretion of the District Court. See, e.g., United States v. Bayless, 201 F.3d 116, 131 (2d Cir. 2000); United States v. Oliver, 626 F.2d 254, 260 (2d Cir. 1980). It has also made clear that "the government ought to be permitted considerable latitude" in obtaining such relief. United States v. Tucker, 380 F.2d 206, 214 (2d Cir. 1967); Bayless, 201 F.3d at 131-32 (noting that it will be a "rare case in which a court of appeals f[inds] a District Court's decision to grant a motion for reconsideration to be in error" and declining to require a "reasonable justification" for reopening the hearing despite such a requirement in other Circuits). Thus, "vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not control." *United States v. Tucker*, 380 F.2d at 214.

I. **Neither Rule 5 Nor 18 U.S.C. § 3501 Require That Presentment Occur Within 6 Hours of Arrest**

Here, the Court appears to have applied the six-hour safe harbor for confessions under 18 U.S.C. § 3501(c) to Rule 5's requirement that a defendant be presented "without unnecessary delay." Thus, the Court appears to have conflated the law with respect to the timing of presentments with that of the admissibility of confessions. As discussed below, Rule 5, not Section 3501(c), governs the timing of presentments and requires only that a defendant be presented "without unnecessary delay." Accordingly, the Government asks the Court to reconsider those portions of the Opinion that state or suggest that a criminal defendant must be *presented* within six hours of arrest.

Once a suspect has been placed under arrest, Rule 5(a) of the Federal Rules of Criminal Procedure requires that a defendant be taken "without unnecessary delay" for presentment before the "nearest available federal magistrate judge." Fed. R. Crim. P. 5(a). At presentment, the defendant is to be advised of, among other things, the charges against him, his right to retain or request appointment of counsel, and his right not to make post-arrest statements. Id.

If a defendant is arrested and makes post-arrest statements, 18 U.S.C. § 3501, entitled "Admissibility of confessions," governs any motion to suppress those statements based on an alleged delay in presentment. See United States v. Fullwood, 86 F.3d 27, 31 (2d Cir. 1996) ("The admissibility of confessions . . . is government by 18 U.S.C. § 3501. Under § 3501(c), . . . a district court has the discretion to suppress a confession if the delay between arrest and presentment is greater than six hours and is found by the court to be unreasonable under the circumstances."). As noted in the Opinion, Section 3501 was enacted by Congress in response to

the <u>McNabb-Mallory</u> exclusionary rule created by the Supreme Court, and specifically provided that certain voluntary confessions should not be suppressed. Section 3501 provides, in pertinent part:

> (c) In any criminal prosecution by the United States . . . , a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: <u>Provided</u>, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.
>
> (d) Nothing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which the person who made or gave such confession was not under arrest or other detention.

18 U.S.C. § 3501.

While the text of Section 3501(c) references the timing of presentment, it does not require that presentment occur within six hours of arrest. The timeliness of presentment is evaluated under the "unnecessary delay" standard set forth in Rule 5. Neither Section 3501(c) nor the relevant caselaw creates a six-hour time limit for presentment, and the Government is not aware of any authority that imposes such a time limit. While the timeliness of presentment is relevant to an evaluation of the admissibility of a defendant's statements under Section 3501(c), the statute does not purport to reduce the "unnecessary delay" standard of Rule 5 to a six hour limit.

Moreover, as the Court is aware, it is hardly uncommon for defendants to be presented in this District more than six hours after arrest. As the Second Circuit instructed in <u>United States</u> v. <u>Johnson</u>, 467 F.2d 630, 636 (2d Cir. 1972), "the determination of whether there

has been an 'unnecessary delay' in presenting a suspect before a magistrate does not rest solely upon a calculation of the hours and minutes which elapse between an arrest and the arraignment . . . . [T]he focal question is not how much time passed but how the time was used." See also United States v. Kehyaian, 30 F.R.D. 544, 547 (S.D.N.Y. 1962) ("The test of unnecessary delay cannot be measured arithmetically in terms of the number of hours between arrest and arraignment."). Additionally, in cases where a defendant provided a post-arrest confession and Section 3501(c) was triggered, there are numerous instances in which a defendant was presented well beyond six hours of their arrest, and the presentment was not deemed untimely and the defendant's statements were not suppressed. See United States v. Rubio, 709 F.2d 146, 154 (2d Cir. 1983) (affirming the admissibility of statements made 48 hours after arrest and prior to presentment because, among other things, there was no "purposeful postponement of arraignment"); United States v. Collins, 462 F.2d 792, 795-96 (2d Cir. 1972) (affirming the admissibility of a confession made 21 hours after arrest and prior to presentment); United States v. Cruz Jimenez, 894 F.2d 1, 8 (1st Cir. 1990) ("[B]ecause [the confession] was made within six hours of defendant's arrest, the fact that he was held for almost three days before being taken before a magistrate, does not render the confession inadmissible."); United States v. Ospina, No. 99 Cr. 73 (AGS), 2000 WL 37997, at *2 (S.D.N.Y. Jan. 18, 2000) (finding delay reasonable where defendant was arrested at 2:00 p.m., lodged overnight, questioned the following morning, and not presented until later that day); United States v. Del Porte, 357 F. Supp. 969, 976 (S.D.N.Y. 1973) (denying motion to suppress statements given within two or three hours of arrest, notwithstanding "20-some hour delay" from arrest to presentment), aff'd sub nom. United States v. St. Jean, 483 F.2d 1399 (2d Cir. 1973); see also United States v. Mitchell, 322 U.S. 65, 69-71 (1944) (confession admissible where defendant confessed "[w]ithin a few minutes of his arrival at the police station" but was not presented "until eight days after the statements were made").

In interpreting the "unnecessary delay" standard under Rule 5, courts have declined to impose a strict time limit for presentments, recognizing that there are certain delays inherent to the post-arrest process and some delays, as in the case of cooperation, that are in the best interests of both law enforcement and the defendant. See United States v. Berkovich, 932 F. Supp. 582, 587-88 (S.D.N.Y. 1996); United States v. Markoneti, No. 92 Cr. 169 (JBW), 1993 WL 180355, at *2 (E.D.N.Y. May 25, 1993). Periods of pre-presentment delay can be significantly greater in situations where a defendant waives his right to speedy presentment. See Markoneti, 1993 WL 180355, at *2 (finding that defendant's presentment 8 days after arrest and waiver of speedy presentment was proper). Indeed, a delay which allows a defendant to cooperate proactively and work toward a cooperation agreement and 5K1.1 letter would be in the best interest of the defendant.

As the Court can appreciate, the effect of a "six-hour rule," as suggested in several instances by the Court's opinion, would be dramatic. Such a rule would require the institution of a "night court" to conduct presentments after regular business hours. Under a six-hour rule, all late afternoon and evening arrests would require a magistrate judge to be on duty to ensure that defendants are presented within six hours. Moreover, in certain cases, such as large multi-

defendant takedowns, it may prove logistically impossible to have all defendants presented in six hours. Thus, for all of these reasons, the Government respectfully requests that the Court remove from the Opinion those portions of the Opinion that state or suggest that the law imposes a six-hour time limit for presentment.

II.     **This Court Should Reconsider Its ConclusionThat The Waivers Of Speedy Presentment Were Not Timely, And Should Permit The Government To Reopen The Suppression Hearing To Resolve The Ambiguity Regarding Ontiveros' Oral Waiver**

In its Opinion, as noted above, this Court stated that the waivers "were not timely" because they were not made within six hours after arrest. (Opinion at 15). The Court also noted that it was not aware of authority that a defendant could make a valid waiver of the right to speedy presentment after the six-hour time period in Section 3501(c) had expired. However, as the Court recognized, *neither party* raised the issue of the timeliness of the speedy presentment waiver, and the Government therefore seeks leave to address this issue for the first time now. In the Government's view, a waiver can be valid even though it was made more than six hours after arrest, and the Government respectfully asks the Court to reconsider its conclusion in this regard. See United States v. Pham, 815 F. Supp. 1325, 1326-31 (N.D. Cal. 1993) (holding that a waiver of speedy presentment 41 hours after arrest was valid).

In addition, to the extent that the Court agrees that a speedy presentment waiver may be valid even if it is made more than six hours after arrest, the Government further seeks leave to reopen the hearing to permit the Government to present the testimony of Special Agent Michael Alfonso regarding Ontiveros's oral waiver of presentment. Reopening the hearing would be in the interests of justice because the Court found that the testimony of Special Agent Lee was ambiguous with respect to the defendants' oral waivers of speedy presentment and because the lack of valid waivers appeared to be a significant factor in the Court's determination that the delay in presentment was not reasonable. The Government anticipates that Agent Alfonso will clarify that Ontiveros made an explicit and clear oral waiver of his right to speedy presentment prior to signing the "Waiver of Presentment in the Nearest District" form. In light of this anticipated testimony, the Government intends to ask that the Court reconsider its finding that the delay in presentment here was not reasonable, and therefore Ontiveros's signed written confession must be suppressed.

III.    **Ontiveros's Waiver of Miranda Constituted a Waiver of His Right to Speedy Presentment**

Because the Government believed (and still believes) that there was no ambiguity surrounding the defendants' oral waivers of speedy presentment at ICE headquarters, the Government did not present to the Court relevant authority regarding the delay between the defendants' arrests and their confessions. At least five circuit courts have held that a defendant who makes a valid waiver of his Miranda rights has also waived his right to speedy presentment.

See United States v. Salamanca, 990 F.2d 629, 633-34 (D.C. Cir. 1993); United States v. Binder, 769 F.2d 595, 598-600 (9th Cir. 1985); United States v. Jackson, 712 F.2d 1283, 1286 (8th Cir. 1983); United States v. Barlow, 693 F.2d 954, 959 (6th Cir. 1982); O'Neal v. United States, 411 F.2d 131, 136-37 (5th Cir. 1969); see also 1 Wright & Miller, Federal Practice and Procedure § 72 (collecting cases). As the District of Columbia Circuit reasoned in Salamanca: "The Miranda decision substantially undercut the need for exclusion of custodial statements solely on the ground of delay in bringing the defendant before a magistrate, as one of the purposes of appearing before a magistrate is to have the defendant's rights explained to him – rights now explained in a Miranda warning." 990 F.2d at 634 (citing Pettyjohn v. United States, 419 F.2d 651, 656 (D.C. Cir. 1969) ("by validly waiving his Miranda right to silence and an attorney, and by agreeing to speak with the police, [the defendant] has thereby also waived any Mallory right to be brought before a magistrate "as quickly as possible.' "). While the Second Circuit has not ruled on the issue, Judge Friendly, writing for the Circuit in Duvall, noted the existence of a "substantial body of authority" holding that a valid waiver under Miranda also waives the right to speedy presentment. United States v. Duvall, 537 F.2d 15, 23 n.9 (2d Cir. 1976).

Based on the considerable circuit court authority, the Second Circuit's recognition of this authority, and the Court's finding that Ontiveros provided a valid waiver of Miranda at the residence, the Government respectfully requests that the Court reconsider its suppression of Ontiveros's oral statements and signed written confession provided at the ICE office on this basis as well.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: [signature]
Brendan R. McGuire/Michael Q. English
Assistant U.S. Attorneys
(212) 637-2220/2594

cc:   Cristobal M. Galindo, Esq. (by fax)
      Carlos A. Garcia, Esq. (by fax)